# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 97-20388

Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

versus

ESPERANZA ARIAS

Defendant-Appellant

_____

Appeal from the United States District Court
For the Southern District of Texas
( H-95-CR-142-24)

_____

June 12, 1997

Before POLITZ, Chief Judge, WIENER and EMILIA M. GARZA, Circuit Judges.

POLITZ, Chief Judge:[*]

Esperanza Arias seeks release on bail pending trial for her alleged role in an

extensive drug trafficking scheme.  Arias has been charged with conspiracy to possess

with intent to distribute over 1000 kilograms of marihuana, conspiracy to violate the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

-1-

Travel Act, and possession with intent to distribute marihuana. Five of the defendants are Arias's brothers; all lived in an around their mother's home near Houston.

On December 13, 1996, the Magistrate Judge ordered that Arias be detained without bail pending trial. Arias immediately sought review of that order in the district court. On April 18, 1997, after four months of delay, the district court affirmed the detention order.

The governing statutory provision, 18 U.S.C. § 3142(e), creates a rebuttable presumption that no condition or combination of conditions reasonably will assure the appearance of the defendant and the safety of the community in drug cases such as here presented. Arias thus has the burden of producing controverting evidence; thereafter the government must carry the ultimate burden of persuasion.

Our review of the record persuades that Arias has rebutted the presumption of being a danger to the community and a flight risk. Testimony at the detention hearing demonstrated that Arias: (1) is 44-years old; (2) is a single mother of an 8-year old girl who is bright and doing well in school; (3) is very close to her daughter and relies a great deal on her family members for support; (4) is a United States citizen who has lived her entire life in Houston, where her family has resided for generations; (5) lives with her mother and a sister in the family home; (6) receives AFDC assistance in raising her daughter, which requires her to attend classes as a precondition for

eligibility; (7) although of Mexican descent, is not fluent in Spanish and otherwise has no ties to Mexico which might facilitate flight thereto; (8) offered testimony of a close friend of the family and a citizen of good standing that she would not abandon her family and friends; and (9) has been ill and in need of medical attention, which would make flight difficult. Notably, the record reflects that neither Arias nor any of her codefendants are charged with weapons violations, nor have any been shown to be violent in any manner.

The government contends that Arias is likely to continue her brothers' drug business if released on bail and therefore poses a danger to the community. This element must be proved by clear and convincing evidence.[1] The evidence of record does not meet this level of proof. Although the government produced evidence suggesting that Arias may have been aware of and even minimally involved in her brothers' drug trafficking activities, the record contains little, if any, evidence that Arias is a flight risk or in any manner poses a danger to the community. We therefore hold that the district court abused its discretion in denying bail and remand for the setting of reasonable bail.

**REVERSED AND REMANDED.**

---

[1]**United States v. Fortna**, 769 F.2d 243 (5th Cir. 1985).

EMILIO M. GARZA, dissenting:

In reviewing a magistrate judge's order of pretrial release, the district court acts *de novo* and makes an independent determination of whether release is proper. 18 U.S.C. § 3145(a)(1); *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). On appeal from the determination of the district court, we review for an abuse of discretion. *Reuben*, 974 F.2d at 586. In this case, Arias was arrested under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, which carries a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the accused or the safety of others and the community. 18 U.S.C. § 3142(e); *Reuben*, 974 F.2d at 586; *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988).

The magistrate judge issued explicit findings that Arias does not rebut this presumption. After a lengthy detention hearing, the magistrate held that, as recently as the week before her arrest, Arias had contacted a confidential informant seeking to collect money for a drug transaction. He also pointed to evidence that she was "integrally involved in marijuana trafficking," and that she had operated out of her house with family members present. The magistrate held that "she presents a danger to the community[,]" and that "she could not abide by any condition of release and

would be back involved in marijuana trafficking." On *de novo* review by the district court, the judge found that the detention order was "amply supported by clear and convincing evidence" and denied the motion for pretrial release.

It is clear to me that neither the magistrate judge nor the district court abused its discretion: Arias did not rebut the presumption that she should not be released on bail. Her family circumstances, age, and the scholastic standing of her daughter make her no different than hundreds of other people arrested for drug trafficking. I respectfully dissent.

EMILIO M. GARZA, dissenting:

In reviewing a magistrate judge's order of pretrial release, the district court acts *de novo* and makes an independent determination of whether release is proper. 18 U.S.C. § 3145(a)(1); *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). On appeal from the determination of the district court, we review for an abuse of discretion. *Reuben*, 974 F.2d at 586. In this case, Arias was arrested under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, which carries a rebuttable presumption that no

conditions of release exist that would reasonably assure the appearance of the accused or the safety of others and the community. 18 U.S.C. § 3142(e); *Reuben*, 974 F.2d at 586; *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988).

The magistrate judge issued explicit findings that Arias does not rebut this presumption. After a lengthy detention hearing, the magistrate held that, as recently as the week before her arrest, Arias had contacted a confidential informant seeking to collect money for a drug transaction. He also pointed to evidence that she was "integrally involved in marijuana trafficking," and that she had operated out of her house with family members present. The magistrate held that "she presents a danger to the community[,]" and that "she could not abide by any condition of release and would be back involved in marijuana trafficking." On *de novo* review by the district court, the judge found that the detention order was "amply

supported by clear and convincing evidence" and denied the motion for pretrial release.

It is clear to me that neither the magistrate judge nor the district court abused its discretion: Arias did not rebut the presumption that she should not be released on bail. Her family circumstances, age, and the scholastic standing of her daughter make her no different than hundreds of other people arrested for drug trafficking. I respectfully dissent.